UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARON CHENG, CRISTINA DIAS, RHONDA SANFILIPO, BRUCE PULEO, ZINA PRUITT, RON ZIMMERMAN, CHERYL SILVERSTEIN, TINA FENG, ROBERT HAKIM, BERNADETTE GRIMES, ELIZABETH GENDRON, ROGER CARTER, MARLENE RUDOLPH, PATRICIA BARLOW, TERESA EDWARDS, ISAAC TORDJMAN, JAMES HETTINGER, DIEU LE, CHRIS BOHN, DANIEL DEWEERDT, CRAIG BOXER, BETTY DENDY, ELIZABETH PERSAK, KRISTI ROCK, JENNIFER CHALAL, JOHN TORRANCE, LENARD SHOEMAKER, MICHAEL MITCHELL, ROBERT SKELTON, JEFFREY JONES, ISABEL MARQUES, PAYAM RASTEGAR, and SYED ABDUL NAFAY, individually and on behalf of all others similarly situated, | Case No: 1:20-cv-00629-JRC |
| Plaintiffs, | |
| v. | |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., and DENSO INTERNATIONAL AMERICA, INC., | |
| Defendants. | |

**FINAL ORDER APPROVING CLASS SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

**WHEREAS**, the Court, having considered the Settlement Agreement filed September 7, 2022, Dkt. No. 162 (the "Settlement Agreement") between and among Class Representatives, through Class Counsel, and Defendants Toyota Motor Corporation, Toyota Motor North America, Inc. (collectively, "Toyota"), and Denso International America, Inc. ("Denso"), and their affiliates (collectively, "Defendants"), the Court's September 16, 2022 Order Granting Preliminary

Approval of the Class Settlement, Directing Notice to the Class, and Scheduling a Fairness Hearing (Dkt. No. 167) (the "Preliminary Approval Order"), having held a Fairness Hearing on December 14, 2022, and having considered all of the submissions and arguments with respect to the Settlement Agreement and related documents and exhibits, and otherwise being fully informed, and good cause appearing therefore (all capitalized terms as defined in the Settlement Agreement);

**IT IS HERBY ORDERED AS FOLLOWS:**

1. This Final Order Approving Class Action Settlement and Certifying Settlement Class ("Final Order") incorporates herein and makes a part hereof, the Settlement Agreement and its exhibits, and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Order and accompanying Final Judgment.

2. The Court has personal jurisdiction over all parties in the Action, including, but not limited to all Class Members, and has subject matter jurisdiction over the Action, including, without limitation, jurisdiction to approve the Settlement Agreement, grant final certification of the Class, settle and release all claims released in the Settlement Agreement, and dismiss the Action with prejudice and enter final judgment in each Action. Further, venue is proper in this Court, pursuant to 28 U.S.C. § 1391.

### I.     THE SETTLEMENT CLASS

3. Based on the record before the Court, including all submissions in support of the settlement set forth in the Settlement Agreement, objections and responses thereto and all prior proceedings in the Action, as well as the Settlement Agreement itself and its related documents and exhibits, the Court hereby confirms the certification of the following nationwide Class (the "Class") for settlement purposes only:

> All individuals or legal entities who, at any time as of the entry of the Initial Notice Date, own or owned, purchase(d) or lease(d) Covered Vehicles in any of the fifty States, the District of Columbia, Puerto Rico, and all other United States territories and/or possessions. Excluded from the Class are: (a) Toyota, its officers, directors and employees; its affiliates and affiliates' officers, directors and employees; its distributors and distributors' officers, directors and employees; and Toyota Dealers and Toyota Dealers' officers and directors; (b) Denso, its officers, directors and employees; its affiliates and affiliates' officers, directors and employees; its distributors and distributors' officers, directors and employees; (c) Plaintiffs' Counsel; and (d) judicial officers and their immediate family members and associated court staff assigned to this case. In addition, persons or entities are not Class Members once they timely and properly exclude themselves from the Class, as provided in the Settlement Agreement, and once the exclusion request is finally approved by the Court.

"Covered Vehicles" means the Additional Vehicles, SSC Vehicles, and the Subject Vehicles. "Additional Vehicles" means those vehicles that are equipped with Denso low-pressure fuel pumps with part number prefixes 23220- and/or 23221- that are identified in Exhibit 1b of the Settlement Agreement (Dkt. No. 162-2). "SSC Vehicles" means those vehicles identified as part of the Special Service Campaigns 21LC01 and 21TC03, all of which are equipped with Denso low-pressure fuel pumps with part number prefixes 23220- and/or 23221-, and are listed on Exhibit 1a of the Settlement Agreement (Dkt. No. 162-1). "Subject Vehicles" are defined in the Settlement Agreement as vehicles that were identified as part of the Recall as defined below, all of which are equipped with Denso low-pressure fuel pumps with part number prefixes 23220- and/or 23221-, and/or are recalled vehicles that are listed in Exhibit 2 of the Settlement Agreement (Dkt. No. 162-3).

"Recall(s)" means Toyota's recalls of the Subject Vehicles, namely, Toyota's Recall 20V-012 submitted to NHTSA on or about January 13, 2020, the amendments submitted for Recall 20V-682 on or about November 4, 2020, and the amendments submitted for Recall 21V-617 on or about August 6, 2021, as identified in Exhibit 2 of the Settlement Agreement (Dkt. No. 162-3), and any expansions related thereto prior to Preliminary Approval.

4. The Court finds that only those persons/entities/organizations listed in Exhibit A to this Final Order have timely and properly excluded themselves from the Class and, therefore, are not bound by this Final Order or the accompanying Final Judgment.

5. The Court confirms, for settlement purposes and conditioned upon the entry of the Final Order and Final Judgment and upon occurrence of the Final Effective Date, that the Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3):

    a. *Numerosity.* The Class, which is ascertainable, consists of current and former owners and lessees of more than 4.9 million Covered Vehicles located throughout the United States, its territories and possessions, and satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(1). Joinder of these widely dispersed, numerous Class Members into one suit would be impracticable. *See Vu v. Diversified Collection Servs., Inc.*, 293 F.R.D. 343, 352 (E.D.N.Y. 2013) ("While there is no magic number, courts have found numerosity to be satisfied by a class of forty members.") (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)). Thus, the Rule 23(a)(1) numerosity requirement is met.

    b. *Commonality*. There are some questions of law or fact common to the Class with regard to the alleged activities of Defendants in this case. These issues are sufficient to establish commonality under Fed. R. Civ. P. 23(a)(2). *See Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 37 (E.D.N.Y. 2008) ("A single common issue of law will satisfy the commonality requirement.").

    c. *Typicality.* The claims of Class Representatives are typical of the claims of the Class Members they seek to represent for purposes of settlement. *See Shabazz v. Morgan Funding Corp.*, 269 F.R.D. 245, 250 (S.D.N.Y. 2010) ("Rule 23(a)(3) is satisfied when each class

member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.").

        d.    *Adequate Representation.*  Class Representatives' interests do not conflict with those of absent members of the Class, and Class Representatives' interests are co-extensive with those of absent Class Members.  Additionally, this Court recognizes the experience of Class Counsel.  Class Representatives and their counsel have prosecuted this action vigorously on behalf of the Class. The Court finds that the requirement of adequate representation of the Class has been fully met under Fed. R. Civ. P. 23(a)(4).

        e.    *Predominance of Common Issues.*  The questions of law or fact common to the Class Members, as pertains to consideration of the Settlement, predominate over any questions affecting any individual Class Member.

        f.    *Superiority of the Class Action Mechanism.*  The class action mechanism provides a superior procedural vehicle for resolution of this matter compared to other available alternatives.  Class certification promotes efficiency and uniformity of judgment because the many Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

    6.    The designated Class Representatives are as follows: Sharon Cheng, Cristina Dias, Rhonda SanFilipo, Bruce Puleo, Zina Pruitt, Ron Zimmerman, Cheryl Silverstein, Tina Feng, Robert Hakim, Bernadette Grimes, Elizabeth Gendron, Roger Carter, Marlene Rudolph, Patricia Barlow, Teresa Edwards, Issac Tordjman, James Hettinger, Dieu Le, Chris Bohn, Daniel Deweerdt, Craig Boxer, Betty Dendy, Elizabeth Persak, Kristi Rock, Jennifer Chalal, John Torrance, Lenard Shoemaker, Michael Mitchell, Robert Skelton, Jeffrey Jones, Isabel Marques, Payam Rastegar, and Syed Abdul Nafay. The Court finds that these Class Members have adequately represented

the Class for purposes of entering into and implementing the Settlement Agreement. The Court confirms the appointment W. Daniel "Dee" Miles III and Demet Basar of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. as Class Counsel.

7.     In making all of the foregoing findings, the Court has exercised its discretion in certifying the Class for settlement purposes only.

## II.     NOTICE TO CLASS MEMBERS

8.     The record shows and the Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order (Dkt. No. 167).  The Court finds that such Class Notice:  (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

9.     The Court further finds that Defendants, through the Settlement Notice Administrator, provided notice of the settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715.  Furthermore, the Court has given the appropriate state and

federal government officials the requisite ninety (90) day time period to comment or object to the Settlement Agreement before entering its Final Order and Final Judgment.

### III. FINAL APPROVAL OF SETTLEMENT AGREEMENT

10. The Court finds that the Settlement Agreement resulted from extensive arm's length, good faith negotiations between Class Counsel and Defendants, through experienced counsel, with the assistance and oversight of Settlement Special Master Patrick A. Juneau.

11. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves, in all respects, the Settlement as set forth in the Settlement Agreement and finds that the Settlement Agreement, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Class and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and any other applicable law. The Court hereby declares that the Settlement Agreement is binding on all Class Members, except those identified in Exhibit A, and it is to be preclusive in the Action. The decisions of the Settlement Claims Administrator relating to the review, processing, determination and payment of Claims submitted pursuant to the Agreement are final and not appealable.

12. The Court finds that the Settlement Agreement is fair, reasonable, and adequate based on, among other things, the following nine factors: "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the

settlement fund to a possible recovery in light of all the attendant risks of litigation." *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)). Furthermore, the Court finds that the four factors included in Rule 23(e) also weigh in favor of approving the settlement: (1) the adequacy of representation by class representatives and class counsel; (2) whether settlement negotiations were done fairly at arm's length; (3) the adequacy of relief provided under the settlement—taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (4) the equity of treatment of class members relative to one another. Fed. R. Civ. P. 23(e)(2).

13. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. In addition, the Parties are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement as: (i) shall be consistent in all material respects with this Final Order, and (ii) do not limit the rights of the Class.

14. The Court has considered all objections, timely and proper or otherwise, to the Settlement Agreement and denies and overrules them as without merit.

## IV.   CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, COSTS AND EXPENSES, AND SERVICE AWARDS TO CLASS REPRESENTATIVES

15. The Court finds that the attorneys' fee award of $28,500,000, the expense reimbursement of $384,073.26, and the Class representative service awards of $2,500 for each named class representative are fair and reasonable.

16. The attorneys' fees are equivalent to 9.9% to 13.4% of the expert's estimated total value of the settlement, which is within the accepted range of the attorneys' fees in this Circuit. The Court also finds that the fee is reasonable, considering: (1) the time and labor counsel spent on the matter; (2) the magnitude and complexities of the case; (3) the risks of litigation; (4) the quality of representation; (5) the fee in relation to the settlement; and (6) public policy considerations. Moreover, the fee is reasonable when cross checked by counsels' lodestar, which is within the accepted ranges in this Circuit. The Court also notes that no Class member objected to the fee.

17. The expense reimbursement is also fair and reasonable, and the expenses incurred were necessary for the effective prosecution of the case.

18. The service awards are fair and reasonable, based on the Class members' time, efforts and attention in prosecuting this case.

19. The Court therefore approves Class Counsel attorneys' fee award of $28,500,000, expense reimbursement of $384,073.26, and Class representative service awards of $2,500 for each named class representative.

V.  **DISMISSAL OF CLAIMS, RELEASE**

20. All claims asserted against Defendants in the Action are hereby dismissed with prejudice on the merits and without costs to any party, except as otherwise provided herein or in the Settlement Agreement.

21. Upon entry of this Final Order and the Final Judgment, Plaintiffs, Class Representatives, and each member of the Class (except those listed in Exhibit A), on behalf of themselves and any other legal or natural persons who may claim by, through or under them, agree

to fully, finally and forever release, relinquish, acquit, and discharge the Released Parties from any and all claims, demands, suits, petitions, liabilities, causes of action, rights, and damages of any kind and/or type regarding the subject matter of the Third Amended Consolidated Class Action Complaint filed in this Action, including, but not limited to, compensatory, exemplary, punitive, expert and/or attorneys' fees or by multipliers, whether past, present, or future, mature, or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, derivative or direct, asserted or un-asserted, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, violations of any state's deceptive, unlawful, or unfair business or trade practices, false, misleading or fraudulent advertising, consumer fraud or consumer protection statutes, any breaches of express, implied or any other warranties, RICO, or the Magnuson-Moss Warranty Act, or any other source, or any claim of any kind related arising from, related to, connected with, and/or in any way involving the Action, the Subject Vehicles' fuel pumps and/or associated parts that are, or could have been, defined, alleged or described in the Third Amended Consolidated Class Action Complaint, the Action, or any amendments of the Action ("Released Claims"); provided, however that notwithstanding the foregoing, Class Representatives and Class Members are not releasing claims for personal injury, wrongful death or physical property damage (except to the Fuel Pump in the Covered Vehicle itself) from the Covered Vehicle.

22.     Notwithstanding the foregoing, Class Representatives and/or Class Members shall hold Released Parties harmless for all Released Claims that may be asserted by another legal or natural persons (including but not limited to legal guardians and estate administrators) who claim by, through, or under that Class Representative or Class Member.

23.     By not excluding themselves from the Action and to the fullest extent they may lawfully waive such rights, all Class Representatives and Class Members are deemed to acknowledge and waive Section 1542 of the Civil Code of the State of California and any law of any state or territory that is equivalent to Section 1542.  Section 1542 provides that:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

24.     The Court orders that the Settlement Agreement shall be the exclusive remedy for all claims released in the Settlement Agreement for all Class Members not listed in Exhibit A.

25.     Therefore, except for those listed in Exhibit A, all Class Representatives, Class Members and their representatives are hereby permanently barred and enjoined from, either directly, through their representatives, or in any other capacity instituting, commencing, filing, maintaining, continuing or prosecuting against any of the Released Parties (as that term is defined in the Settlement Agreement) any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action covered by the Release.  In addition, all Class Representatives, Class Members and all persons in active concert or participation with Class Members are permanently barred and enjoined from organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing, as a purported class action, any lawsuit based on or relating to the claims and causes of action in the Third Amended Consolidated Class Action Complaint in the Action, or the Release in the Settlement Agreement pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and the exceptions to the Anti-Injunction Act, 28 U.S.C. § 2283. The Court finds that issuance of this permanent injunction is necessary and appropriate in

aid of its continuing jurisdiction and authority over the Settlement as set forth in the Settlement Agreement, and the Action.

### VI.   OTHER PROVISIONS

26.   Without affecting the finality of this Final Order or the accompanying Final Judgment, the Court retains continuing and exclusive jurisdiction over the Action and all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, to protect and effectuate this Final Order and the accompanying Final Judgment, and for any other necessary purpose. The Parties, the Class Representatives, and each Class Member not listed in Exhibit A are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including the exhibits thereto, and only for such purposes.

27.   In the event that the Final Effective Date does not occur, certification of the Class shall be automatically vacated and this Final Order and the accompanying Final Judgment, and other orders entered in connection with the Settlement Agreement and releases delivered in connection with the Settlement Agreement, shall be vacated and rendered null and void as provided by the Settlement Agreement.

28.   Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.  Likewise, the Parties may, without further order of the Court, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Order and the

accompanying Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

29. Nothing in this Final Order or the accompanying Final Judgment shall preclude any action in this Court to enforce the terms of the Settlement Agreement.

30. Neither this Final Order nor the accompanying Final Judgment (nor any document related to the Settlement Agreement) is or shall be construed as an admission by the Parties. Neither the Settlement Agreement (or its exhibits), this Final Order, the accompanying Final Judgment, nor any document related to the Settlement Agreement shall be offered in any proceeding as evidence against any of the Parties of any fact or legal claim; provided, however, that Toyota and the Released Parties may file any and all such documents in support of any defense that the Settlement Agreement, this Final Order, the accompanying Final Judgment and any other related document is binding on and shall have *res judicata*, collateral estoppel, and/or preclusive effect in any pending or future lawsuit by any person or entity, who is subject to the release described above, asserting a released claim against any of the Released Parties.

31. Since the Court already has ordered the establishment of the Qualified Settlement Fund in its Preliminary Approval Order, the name of the Qualified Settlement Fund is "Toyota and Denso Fuel Pumps Class Action Settlement QSF."

32. A copy of this Final Order shall be filed in, and applies to, the Action.

33. A complete list of the Class Members that have timely and properly opted out from the Settlement is attached hereto as Exhibit A.

SO ORDERED this 20th day of December 2022.

s/ James R. Cho  
James R. Cho  
United States Magistrate Judge

Exhibit A

| Count | Company | First Name | Last Name |
|---|---|---|---|
| 1 | | ROBERT | DOYLE |
| 2 | | HOWARD | HENSCH |
| 3 | | JUDITH | MEADOWS |
| 4 | | ROBERT | PETERSON |
| 5 | | BRET | MITCHELL |
| 6 | | RITA | NEUMAN |
| 7 | | KARISSA | HENDRIX |
| 8 | | DARRELL | CHANDLER |
| 9 | | DANIEL | SIVILICH |
| 10 | | ANGELA | PAUL |
| 11 | | NOEL | CATANHO DA CAMARA |
| 12 | | PHATSADA | SOUNDARA |
| 13 | | KYLE | WITKOWSKI |
| 14 | | CARPENTER | BERDENA |
| 15 | | DIANA | LICAUSI |
| 16 | | PAMELA | WITT |
| 17 | | MYRA | THOMPSON |
| 18 | | ROMAN | KARAS |
| 19 | | NANCY | PULTZ |
| 20 | | ANNE-CATHERINE | WOLPERT |
| 21 | | ELIZA | GARZA |
| 22 | | SUSANA | MEDRANO MARTINEZ |
| 23 | | DIANE | ALLEN |
| 24 | | LISA | KAUTZKY |
| 25 | | ALYSSA | ATKISON |
| 26 | | CAMERON | ATKISON |
| 27 | | KIMBERLY | ATKISON |
| 28 | | KAREN | BELSKY |
| 29 | | WILLIAM | BUCE |
| 30 | | CHARLES | NATALIE |
| 31 | | BEBE | GONZALEZ |
| 32 | | STEPHANIE | GOLIAS |
| 33 | | NORMA | LOYA |
| 34 | | JOSEPH | MARTIN |
| 35 | | LETICIA | FUENTES |
| 36 | | ANTONIO | RANGEL |
| 37 | | MAYRA | VAZQUEZ-CRUZ |
| 38 | | GALDOS | ARROYO-COLON |
| 39 | | JORGE | CAMACHO |
| 40 | | ADRIAN | AGUILAR |

| | | | |
|---|---|---|---|
| 41 | | CYNTHIA | HOUSLEY |
| 42 | | ROSSY | ARDON |
| 43 | | DONG | PENG-CHEN |
| 44 | | ODEL | RUANO |
| 45 | | CAROLYN | VERRETT |
| 46 | | RACHEL | NOREGIA |
| 47 | | PATRICIA | DIAZ |
| 48 | | ADRIAN | CHITICA-CANTERO |
| 49 | | JESSICA | MARTIN |
| 50 | | DONALD | SPARKS |
| 51 | | SAMUEL | VELEZ-RUIZ |
| 52 | | CANDACE | MORLEY |
| 53 | | BARBARA | REEVES-THOMAS |
| 54 | | DOUGLAS | SCHULDT |
| 55 | | JOHN | COX |
| 56 | | EUGENE | ALFORD |
| 57 | | MARIO | VELASCO |
| 58 | | FABIAN | DUENAS |
| 59 | | TANYA | GRAGG |
| 60 | | MEENA | SAEED |
| 61 | | ROSA MARIA | BARBOSA MANRIQUEZ |
| 62 | DORSCH LIVING TRUST | | |
| 63 | | JOHN | STROO |
| 64 | | KIMBERLY | PONCHO |
| 65 | | LUCILA | RIVERA-MUNOZ |
| 66 | | MONNIE | MARSHALL |
| 67 | DONEGAL MUTUAL INSURANCE GROUP | | |
| 68 | | FIDEL | MEDINA |
| 69 | | DOUGLAS | TOMKIEL |
| 70 | | KARL | KIRKER |
| 71 | | MARITZA | DELACRUZ |
| 72 | | JESUS | RUIZ |
| 73 | | BREANNA | STREVIG |
| 74 | | SALVADOR | G-RODILES |
| 75 | | CARL | OHLIN |
| 76 | | JONATHAN | ECK |
| 77 | | BRENDA | LEE |
| 78 | | PEI-YU | TSENG |
| 79 | | SOOBONG | OH |
| 80 | | VALLECILLA | COLLAZOS |
| 81 | | GUANGZHEN | HU |

| | | | |
|---|---|---|---|
| 82 | | PATRICIA | MORROW |
| 83 | | BRIAN | FLINCHBAUGH |
| 84 | | BRENDAN | JOHNSON |
| 85 | | CECILIA | WALACH |
| 86 | | ELIZABETH | GONZALEZ |
| 87 | | REINA | FIGUEROA |
| 88 | | CARRIE | GREELY |
| 89 | | CARRIE | BUCKLAND |
| 90 | | DENICE | COMPARAN |
| 91 | | ELI | SCHNARR |
| 92 | | PAMELA | LONG |
| 93 | | KEI | SO YIU |
| 94 | | SANDRA | LEMUS |
| 95 | | MAUREEN | WHITE |
| 96 | | WALTER | PAIS |
| 97 | | JOSEFINA | FLORES |
| 98 | | HERNANDEZ | GOMEZ |
| 99 | | GABRIELA | ROSAS |
| 100 | | JUAN | BRAVO GARCIA |
| 101 | | CARLOS | ESQUEDA |
| 102 | | OMAR | HERNANDEZ |
| 103 | | RAFEAL | IBARRA |
| 104 | | ALICE | LOWE |
| 105 | | SYBIL | INOUE |
| 106 | | SHARON | HOWARD |